DELLA MARTIN, APPELLEE, v. FRATERNAL LIFE ASSOCIATION, APPELLANT.

FILED DECEMBER 5, 1907. No. 15,005.

1. Courts: JURISDICTION: EVIDENCE. An objection to the jurisdiction of the court over the person of the defendant, either on account of irregularity in the service of the summons or because the action was brought in the wrong county, must be supported by evidence when the record in the case does not show facts going to support the objection.

2. Insurance: AGENT'S CONTRACT: CONSTRUCTION. A solicitor for an insurance company was to receive 80 per cent. of the first 12 premiums paid by the parties whom she might procure to take policies in the company. *Held*, That her leaving the service of the company before all the 12 premiums were paid did not affect her right to the commission agreed on.

3. ——: ——: ——. That such solicitor was assisted in secur-
ing applicants for insurance by a field agent of the company is
not, under the facts disclosed, a defense to her claim for com-
missions.

APPEAL from the district court for Richardson county:
WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*Harry S. Dungan* and *James E. Leyda,* for appellant.

*Francis Martin* and *Edwin Falloon, contra.*

DUFFIE, C.

This action was brought by the plaintiff to recover com-
missions alleged to be due her on a written contract ap-
pointing her a deputy supreme senior of the defendant,
with power to solicit members and organize local lodges
of the association. By the terms of the contract she was
to receive as compensation a sum equal to 80 per cent. of
the first 12 assessments paid by the members whose appli-
cations were obtained by her or by such assistance as she
might employ. The action was brought in Richardson
county for services rendered there, and summons was
served on Israel L. Beaulieu, an officer of the local lodge
located at Falls City, in that county. The defendant ap-
peared specially and filed objections to the jurisdiction of
the court in the following words: "Now comes the defend-
ant, by Harry S. Dungan, its attorney, and appearing for
the sole and only purpose, objects to the jurisdiction of
this court over the subject matter of the action and the
person of this defendant." The court overruled this ob-
jection to the jurisdiction, and properly so, for the reason
that no evidence, either oral or by way of affidavits, was
offered in support thereof. The defendant thereupon filed
answer, admitting the contract of employment set out in
the plaintiff's petition, admitting that plaintiff wrote
insurance for the defendant in the towns of Franklin
and Bloomington for which she had been overpaid in
the sum of $51.70, and denying that she secured any

18

other applications for insurance for the defendant company. It is further alleged that plaintiff left defendant's employment in July, 1904; that her contract of employment was then terminated, and that she was not entitled to receive any compensation thereafter. The answer further contained the following plea to the jurisdiction of the court: "This defendant further alleges that this action was improperly brought in the county of Richardson, for the reason that the contract sued upon was made in the county of Adams; that the head office of the Fraternal Life Association, defendant herein, is at Hastings, Adams county, Nebraska; that demand was made on the defendant for payment in Adams county, Nebraska, and payment there refused, and that the cause of action of the plaintiff, if any, arose in Adams county, and that said cause of action, or any part thereof, did not arise in Richardson county, Nebraska; therefore, this court has no jurisdiction to try the above cause." Accepting this plea as raising the question of venue and a claim of immunity from lawful service of summons in Richardson county, our attention has not been called to any evidence in the bill of exceptions, nor have we discovered any testimony given, in support of this plea. *Prima facie* the court had jurisdiction of the parties, and, until some evidence was introduced by the defendant tending to show its immunity from suit in Richardson county, the court could neither pass upon the question himself nor submit it to the jury as an issue in the case. The jury returned a verdict for the plaintiff in the sum of $425. The court, before pronouncing judgment, required the plaintiff to remit $20 from the amount of the verdict, and entered judgment for the remainder, and from this judgment the defendant has appealed.

Numerous errors are assigned, but the only ones argued are those relating to the jurisdiction of the court, the giving of certain instructions, and the amount of the judgment, which, it is claimed, is excessive. What we have already said disposes of the question of jurisdiction.

Relating to the instructions given, they were clearly warranted by the evidence, and contained, so far as we can discover, no erroneous principle of law.

One claim urged against the amount of the recovery seems to be based upon the theory that plaintiff was not entitled to 80 per cent. of any of the first 12 premiums paid on policies secured by her, unless paid before she left defendant's employ. We do not think the contract can be so construed. It was undoubtedly the intention of the parties that plaintiff should receive as compensation 80 per cent. of the first 12 premiums on policies secured by her efforts, regardless of the time of the termination of her services. A general field agent of the defendant spent several weeks in Falls City assisting the plaintiff in organizing a lodge at that place. There was some evidence in the record to the effect that plaintiff was to have the assistance of an agent of defendant company in organizing the first three lodges, and there is evidence of defendant's field agent himself and of statements made by him which was sufficient to warrant the jury in finding that any services rendered by him in organizing the lodge at Falls City was as her assistant and of which she was to have the benefit. This question was fairly submitted to the jury by the instructions of the court, and a finding in her favor cannot be said to be without evidence in its support.

We discover no reversible error in the record, and recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.